106 F.3d 422
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wilfredo VELEZ, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7068.
 United States Court of Appeals, Federal Circuit.
 April 01, 1996.
 
 8 Vet.App. 145.
 DISMISSED.
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Wilfredo Velez's appeal. Velez has not responded.
 
 
 2
 Velez served in the Air Force from August 1952 to February 1958. In 1989, he filed a claim for compensation for service-connected disabilities alleging that he had been injured in an automobile accident while serving in 1957. The regional office denied Velez's claim for service connection for head, back, and neck injuries. Velez reopened his claim for service connection by filing new evidence concerning his injuries. The regional office denied service connection and Velez appealed to the Board of Veterans Appeals. The Board determined that Velez had submitted new and material evidence, but it denied service connection because there was no evidence of continuing symptomatology. The Board also determined that the first medical evidence of record was from 1986, when Velez suffered a work related injury and was treated for a spine strain. Velez appealed to the Court of Veterans Appeals.
 
 
 3
 The veterans court determined that the Board gave probative weight to Velez and lay witnesses' testimony and that the Board properly concluded that there was no evidence of continuing symptomatology. The Court of Veterans Appeal concluded that the Board's findings were plausible because there was "no medical evidence" linking Velez's current disabilities to any service related accident. The veterans court thus affirmed the Board's decision. This appeal followed.
 
 
 4
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 5
 In his informal brief, Velez argues that he has provided "enough evidence" that he was injured in an automobile accident during service and that the Court of Veterans Appeals failed to take into consideration the fact that his service records were destroyed in a fire in 1973. Velez, however, does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision, nor does he raise any constitutional issues. Instead, Velez challenges the veterans court's factual determinations and application of the law to the facts of the case. Because this court does not have jurisdiction over such an appeal, 38 U.S.C. § 7292(d)(2), this case must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.